OAO91 (Rev. 8/17) Criminal Complaint

# UNITED STATES DISTRICT COURT

Southern DISTRICT OF California

FILED
AUG 2 3 2017
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES OF AMERICA
V.
LUIS EUDORO VALENCIA

CRIMINAL COMPLAINT

Case Number: 17MJ 3013

(Name and Address of Defendant)

I, the undersigned complainant state that the following is true and correct to the best of my knowledge and belief. On or about 08/23/2017 in San Diego County, in the Southern District of California defendant(s) did,

(Track Statutory Language of Offense)

Count One: knowingly and willfully, with intent to defraud the United States, smuggle and clandestinely introduce and attempt to smuggle and clandestinely introduce merchandise which should have been invoiced, to wit: a tiger cub, in violation of Title 18, United States Code, Section 545 and 2.

Count Two: On or about August 23, 2017, within the Southern District of California, defendant Luis Eudoro Valencia did knowingly import an endangered species, to wit: a Bengal Tiger cub (Panthera tigris tigris), without a permit,

in violation of Title 16 United States Code, Section(s) 1538(a)(1)(A) and 1540(b).

I further state that I am a(n) U.S. Fish and Wildlife Special Agent and that this complaint is based on the following facts:

Continued on the attached sheet and made a part of this complaint: ☒ Yes ☐ No

Signature of Complainant

Eduardo Nieves
Printed Name of Complainant

Sworn to before me and signed in my presence,

8/23/17
Date

Bernard G. Skomal    US Magistrate Judge
Name of Judge          Title of Judge

at  San Diego            California
    City                 State

Signature of Judge

On August 23, 2017, at approximately 1:30 am, defendant Luis Eudoro Valencia ("Valencia") entered the United States from Mexico at the Otay Mesa Port of Entry, driving a silver 2017 Chevrolet Camaro with no license plates. At the primary inspection area, Valencia and his passenger stated that they had nothing to declare from Mexico. Due to issues with the vehicle identification number, the vehicle was referred to the secondary inspection area.

In the secondary inspection area, using a flashlight, the Customs and Border Protection ("CBP") inspector observed an animal lying on the floor area, between the legs of the passenger. The inspector asked if the animal was a tiger. The passenger advised that it was not a tiger but just a cat. The passenger then produced paperwork from AeroMexico Cargo indicating that a Bengal tiger ("Pantherea tigris") was shipped on August 22, 2017. There was also a sales receipt from an individual in Mexico City to an individual (not the defendant) in Tijuana, and a document indicating no health certificate was needed. The paperwork falsely stated that the cargo did not include a species covered by the Conventional on International Trade in Endangered Species ("CITES"), which would then require documentation. In fact, all species of tigers are listed on Appendix I of CITES. The tiger cub was seized and the defendant and his passenger were escorted to the secondary inspection office.

I was notified by CBP at 2:30 a.m. that they had detained two individuals who entered the United States with a Bengal tiger in the car. I responded to the Port of Entry, and examined the Bengal tiger in a cage in the secondary inspection area. The tiger cub was later transported to the San Diego Safari Park, where a biologist confirmed that it was a tiger cub.

Together with a Homeland Security Investigations Special Agent, I interviewed the defendant. Prior to the interview, the defendant was advised of his Constitutional rights, waived them in writing, and agreed to speak without an attorney present. The defendant initially stated that he was in Tijuana on Monday, August 21, 2017, and observed an individual walking a full-sized tiger on a leash. The defendant asked about the tiger and the individual offered to sell him a tiger cub for $300. The defendant agreed to purchase the cub. He waited several hours for the individual, who met him at a club nearby. They drove to a location where the cub was located and he paid for the cub and drove with it to the border. The defendant stated that he intended to take the tiger cub home to Perris, California, to keep as a pet.

The defendant denied that any pictures of the tiger cub were present on his cellular phone. A manual border search of the defendant's cellular phone revealed numerous photos of three different tiger cubs, including the cub he had at the border and an adult tiger. The date of the message associated with the photos was Friday, which was August 18, 2017. There was also a photograph of the AreoMexico flight itinerary in this message chain. The phone further contained a video of Valencia's passenger's arm (identified by his tattoos), opening a specially built compartment under a car seat. Based on my training and experience, these types of compartments are used to smuggle wildlife.

The defendant, when asked about the messages with the photographs on his phone, then stated that he had started communicating with the seller of the tiger on Friday. He identified the seller only by his first name, which was the same name as the purchaser on the documents provided earlier by the passenger. Valencia stated that he went to Mexico on Friday, met the seller, and then returned on Monday to purchase and pick up the tiger.

Under federal law, all species of tigers, including Bengal tigers (Panthera tigris tigris) are listed as endangered under the Endangered Species Act. Federal law (16 U.S.C. 1539) requires a Fish and Wildlife Service permit to import any species listed as endangered under the Endangered Species Act. I caused a check to be made of the Fish and Wildlife Service database for any permits issued to the defendant or his passenger for the importation of any endangered species. No such permits were located. In addition, federal law (50 CFR 14.61) further requires an importer of endangered species to file a declaration Form 3-177 with the U.S. Fish and Wildlife Service with each importation. No form 3-177 was filed by the defendant or his passenger with respect to this importation.

Based on previous investigations, I was informed that the market value of a Bengal tiger cub sold in the United States is approximately $1500.